UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Mario Demanuel Hunter, # 273701, | ) C/A No. 5:13-2979-MGL-KDW |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )REPORT AND RECOMMENDATION |
| | ) |
| Warden, Lieber Correctional Institution, | ) |
| | ) |
| Respondent. | ) |
| | ) |

Mario Demanuel Hunter ("Petitioner"), a state prisoner, filed this pro se Petition for Writ

of Habeas Corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28

U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), for a Report and

Recommendation on Respondent's Motion for Summary Judgment. ECF Nos. 42, 43. Pursuant

to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the

summary judgment and dismissal procedures and the possible consequences if he failed to

respond adequately to Respondent's Motion. ECF No. 44. Petitioner filed a Response in

opposition to Respondent's Motion. ECF No. 51. Respondent did not file a reply to Petitioner's

Response. Having carefully considered the parties' submissions and the record in this case, the

undersigned recommends that Respondent's Motion for Summary Judgment be granted.

    I.     Procedural History

Petitioner is currently incarcerated at Lieber Correctional Institution, part of the South

Carolina Department of Corrections prison system. Pet. 1, ECF No. 1. In February 2007, a

Darlington County Grand Jury indicted Petitioner on one count of larceny less than one thousand

dollars and two counts of first-degree burglary. App. 280-85.[1] J. Richard Jones represented Petitioner, and a jury trial on the indictment was conducted before Judge Howard P. King on October 22 and 23, 2007. App. 154-55. The trial judge entered a directed verdict on one of the first-degree burglary charges, and the jury convicted Petitioner on the larceny and remaining first-degree burglary charge. App. 228-29. Petitioner was sentenced to twenty years in prison on the burglary conviction and was given a concurrent thirty-day sentence on the larceny conviction. App. 238.

On October 14, 2008, Deputy Chief Appellate Defender Wanda H. Carter filed an *Anders*[2] brief on Petitioner's behalf and moved to be relieved from representation in the direct appeal. ECF No. 43-2 at 8. The only point appellate counsel raised in the brief was,

> The lower court erred in denying appellant's motion to suppress the statement given in the case because it was not given voluntarily, as appellant was under the influence of cocaine when he gave his statement to the police.

*Id*. at 3.

After receiving notice that his appellate counsel filed an *Anders* brief, ECF No. 43-3, Petitioner submitted a pro se brief on November 24, 2008, raising the following additional point on appeal: "Whether Trial Court Committed Reversible Error by Refusing to Grant A DIRECTED VERDICT; Where the Court's Reliance was Based Upon INSUFFICIENT CIRCUMSTANTIAL EVIDENCE . . ." ECF No. 43-4 at 4. The South Carolina Court of Appeals considered the appeal without oral argument and dismissed the appeal and granted

---

[1] Citations to "App." refer to the appendix of the record that was before the PCR court. It is on the docket of this case at ECF No. 43-1.

[2] *See Anders v. California*, 386 U.S. 738 (1967) (appointed appellate counsel may move to withdraw from representation after certifying a belief that the direct appeal that counsel filed is without merit).

counsel's motion to be relieved in a one-paragraph, unpublished opinion dated November 19, 2009. ECF No. 43-5; *see State v. Hunter*, No. 2009-UP-530 (S.C. Ct. App. Nov. 19, 2009).

Petitioner filed a post-conviction relief ("PCR") application on July 2, 2010, App. 240, raising the following points (quoted verbatim):

> Ineffective Assistance of Counsel at Trial and Appellet [sic] Counsel . . . (a) Trial Counsel failed to investigate the facts of the case (b) Appellet [sic] Counsel failed to present issues at the Appeal (c) all of which was a violation of my U.S. Constitution 6th Amendment.

App. 242.

The State made a return to the PCR application on September 28, 2010. App. 247-50; *see Hunter v. State*, No. 2009-CP-34-00397. An evidentiary hearing was held June 9, 2011 in Darlington County before the Honorable J. Michael Baxley. App. 252-72. Charles T. Brooks, III, Esq., represented Petitioner in the action, and Assistant Attorney General Karen C. Ratigan represented the State. App. 252. Petitioner and his trial counsel, Attorney J. Richard Jones, testified at the hearing. App. 253. In his PCR testimony, Petitioner stated that his trial counsel was ineffective because he did not object to the police officer's testimony about finding a bracelet belonging to the victim in Petitioner's pocket at the time he was apprehended and because he did not call Petitioner's two aunts as alibi witnesses. App. 259-61. Petitioner stated that trial counsel's failure to keep the testimony about the bracelet from the jury was very damaging to him because the State introduced no direct evidence of his presence inside the victims' home. App. 260-61.

Petitioner's trial counsel testified that, even though the bracelet itself was not admitted into evidence, he did not know of any legal reason that the police officer's testimony about finding the bracelet on Petitioner's person could be suppressed and that is why there was no

objection to it. App. 263, 265. However, trial counsel stated that in his closing argument he argued the lack of forensic evidence and the State's failure to introduce the bracelet into evidence. App. 263. Trial counsel also testified that he interviewed Petitioner's aunts, but believed that they would not make good alibi witnesses. App. 264. He further testified that because he did not think the aunts' testimony would be helpful and because Petitioner said he did not want to get them involved, he decided to rely on Petitioner's brother as an alibi witness. App. 265-66.

On July 12, 2011, the PCR court issued an order dismissing Petitioner's PCR application. App. 273-78. The PCR court issued the following findings of fact and conclusions of law:

> This Court has had the opportunity to review the record in its entirety and has heard the testimony and arguments presented at the PCR hearing. This Court has further had the opportunity to observe each witness who testified at the hearing, and to closely pass upon their credibility. This Court has weighed the testimony accordingly.
>
> Set forth below are the relevant findings of fact and conclusions of law as required by S.C. Code Ann. § 17-27-80 (2003).

> ### Ineffective Assistance of Counsel
>
> The Applicant alleges he received ineffective assistance of counsel. In a PCR action, "[t]he burden of proof is on the applicant to prove his allegations by a preponderance of the evidence," Frasier v. State, 351 S.C. 385, 389, 570 S.E.2d 172, 174 (2002).
>
> For an applicant to be granted PCR as a result of ineffective assistance of counsel, he must show both; (1) that his counsel failed to render reasonably effective assistance under prevailing professional norms, and (2) that he was prejudiced by his counsel's ineffective performance. See Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984); Porter v. State, 368 S.C. 378, 383, 629 S.E.2d 353, 356 (2006). In order to prove prejudice, an applicant must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Cherry v. State, 300 S.C. 115, 117-18, 386 S.E.2d 624, 625 (1989). "A reasonable probability is a probability sufficient to undermine confidence in the outcome of trial." Johnson v. State, 325 S.C. 182, 186, 480 S.E.2d 733, 735 (1997) (citing Strickland v. Washington, 466 U.S. 668,

4

104 S. Ct. 2052).

The Applicant testified that trial counsel failed to object to the sole physical evidence – a bracelet – in this case. Applicant stated trial counsel failed to argue that no forensic evidence placed him at the scene. Applicant further stated he told trial counsel about alibi witnesses – his aunts Joyce Sanders, Selena Slater, and Valerie Johnson – but they were not at his trial.

Trial counsel testified the bracelet was taken from the Applicant at some point – either when he was arrested on the street or booked at the jail. Trial counsel testified the State, however, did not produce the bracelet at trial (because it had been returned to the victim) and that he addressed this in closing argument. Trial counsel testified there was no basis to have objected to testimony about the bracelet, and confirmed there was no forensic evidence in this case. Trial counsel stated it was not beneficial to stress the lack of such evidence, as the jury knew none was available. With regard to a potential alibi for Applicant, trial counsel stated he spoke to two (2) of the Applicant's aunts and three (3) other individuals; however, the aunts could not give any information about an alibi, nor could any other witness, and counsel so advised Applicant. Trial counsel stated the aunts were illiterate and would not make good witnesses, the Applicant agreed with this analysis at the time of trial, and ultimately did not want to get his aunts involved in the trial.

This Court finds the Applicant's testimony is not credible as to his allegations of ineffective assistance, while also finding trial counsel's testimony is credible. This Court further finds trial counsel adequately conferred with Applicant, conducted a proper investigation, and was thoroughly competent in his representation.

This Court finds Applicant has failed to meet his burden of proving trial counsel should have objected to the lack of evidence in this case. Trial counsel testified there was no basis to object to trial testimony about the bracelet. Trial counsel did, however, argue in his closing statement that the State failed to produce the bracelet as evidence. (Trial transcript, p. 191). Trial counsel also argued in his closing statement that there was no physical evidence of any kind in this case. (Trial transcript, p.191). This Court agrees with trial counsel's testimony that the jury was well aware of the lack of physical evidence in this case. This Court finds that Applicant has failed to articulate what else trial counsel should have argued in order to make this point.

This Court finds Applicant also failed to meet his burden of proving trial counsel should have had his alibi witnesses testify at trial. This Court notes trial counsel testified he spoke to several individuals, including the Applicant's aunts, and concluded they could not provide adequate alibi testimony. Regardless, as these alleged witnesses did not testify at the PCR evidentiary hearing, any discussion regarding what they would have testified about at trial is purely speculative. See Bannister v. State, 333 S.C. 298, 303, 509 S.E.2d 807, 809 (1998) (the South Carolina Supreme Court "has repeatedly held a PCR applicant must produce the testimony of a favorable witness or otherwise offer the testimony in accordance with the rules of evidence at the PCR hearing in order to establish prejudice from the witness' failure to testify at trial.") (emphasis in original).

Accordingly, this Court finds Applicant has failed to prove the first prong of the Strickland test – that trial counsel failed to render reasonably effective assistance under prevailing professional norms. Applicant failed to present specific and compelling evidence that trial counsel committed either errors or omissions in his representation of Applicant. This Court also finds Applicant has failed to prove the second prong of Strickland – that he was prejudiced by trial counsel's performance. This Court concludes Applicant has not met his burden of proving counsel failed to render reasonably effective assistance. See Frasier v. State, 351 S.C. at 389, 570 S.E.2d at 174.

## All Other Allegations

As to any and all allegations that were raised in the application or at the hearing in this matter and not specifically addressed in this Order, including allegations as to appellate counsel, this Court finds Applicant failed to present any evidence regarding such allegations. Accordingly, this Court finds Applicant waived such allegations and failed to meet his burden of proof regarding them. Therefore, they are hereby denied and dismissed.

## CONCLUSION

Based on all the foregoing, this Court finds and concludes the Applicant has not established any constitutional violations or deprivations before, during, or after his trial and sentencing proceedings. Counsel was not deficient and Applicant was not prejudiced by counsel's representation. Therefore, this PCR application must be denied and dismissed, with prejudice.

App. 275-78.

A petition for writ of certiorari seeking review of the PCR court's final judgment was

submitted on Petitioner's behalf to the South Carolina Supreme Court on or about February 10, 2012. ECF No. 43-7. South Carolina Appellate Defender Lanelle Cantey Durant filed the petition as a "*Johnson* Petition" and requested to be relieved as counsel for Petitioner.[3] *Id*. at 9. The petition for writ of certiorari raised the following issue quoted verbatim:

> Did the PCR court err in failing to find trial counsel ineffective for not objecting to the testimony of Deputy Jeblonski Green that he pulled a bracelet belonging to the victim of the burglary from the pocket of Hunter when the state did not produce the bracelet and there was no forensic evidence against Petitioner?

*Id*. at 3.

On February 13, 2012, the South Carolina Supreme Court informed Petitioner of the filing of the *Johnson* petition and told him that he could submit a pro se response to the petition. ECF No. 43-8. Petitioner filed a pro se brief on April 2, 2012, raising the following points, again quoted verbatim:

> Did the PCR Court err in failing to find trial counsel ineffective for not objecting to the testimony of Deputy Jeblonski Green regarding the only circumstantial evidence that was never logged in as evidence or never introduce into evidence at trial.
>
> Was PCR Counsel Mr. Charles T. Brooks, III ineffective for failing to file a Rule 59(A) or (E) motion, when the States order failed to address all the issues raised in said PCR.
>
> Because of PCR Counsel failure to file said SCRCP Rule 59(A) or (E) motion, was counsel's action a result of the denial of my right to effective assistance of counsel, aggravated by due process denial.
>
> Was said action by PCR Counsel a failure to exhaust, and did it cause Petitioners claims to be procedurally barred.

---

[3] *See Johnson v. State*, 364 S.E.2d 201 (1988) (appointed appellate counsel may move to withdraw from representation after certifying a belief that the petition counsel filed is without merit).

7

Was said action by the PCR Counsel a error or oversight sufficient enough to excuss [sic] said procedural default, SCRCP 59(E) and or does said malfeasance [sic] from an attorney rises to the level of ineffective assistance of counsel violation Petitioner's 6th and 14th Amend.

Was the Appellate Defense Counsel ineffective for only filing one issues in said Johnson Petition which prevents the Petitioner from having all other issues reviewed.

ECF No. 43-10 at 3.

The South Carolina Supreme Court transferred the petition for writ of certiorari to the Court of Appeals for decision, and that court denied the petition and granted counsel's motion to withdraw from representation on July 22, 2013. ECF No. 43-11. Petitioner thereafter submitted a document containing additional argument in support of the pro se brief he previously filed. ECF No. 43-12. The Court of Appeals construed the pro se filing as a motion for rehearing and denied it on September 18, 2013. ECF No. 43-13. The appellate remittitur issued on October 24, 2013. ECF No. 43-14.

II.    Discussion

A.    Federal Habeas Issues

Petitioner raises the following issues in his federal Petition for a Writ of Habeas Corpus, quoted verbatim:

Ground One: Whether Trial Court committed reversible error by refusing to grant a Directed Verdict.
Supporting facts . . . : Where the court's reliance was based upon insufficient circumstantial evidence. The standard is as follows: The Judge is concerned with the existence or non-existence of evidence, not the weight; and although he should not refuse to grant the motion where the evidence merely raises a suspicion that the accused is guilty, it is his duty to submit the case to the jury (if there be any substantial evidence which reasonably tends to prove the guilt of the accused, or from which his guilt may be fairly and logically deduced) . . .

Here, the trial judge reason for denying the motion for Directed Verdict was

8

based purely on speculation because the evidence referenced (bracelet) was never presented at trial, neither was it ever photographed. However, the officer failed to provide the court with any evidence to substantiate his claim that he found any evidence on appellant's person, and respectfully contends that the trial court committed error when it allowed in evidence that wasn't presented to the jury.
This action further violates the Due Process clause of the Fourteenth Amendment of the United States Constitution.

Also Appellate Counsel in Direct Appeal
noted that the lower court erred in denying appellant's motion to suppress the statement given in the case because it was not given voluntarily as appellant was under the influence of cocaine when he gave his statement to the police in this case. Intoxication is certainly a factor which would greatly influence the voluntariness of one's statement. Therefore, appellant's statement, which directly implicated him with respect to the crimes charged, could not be considered voluntary in nature and should not have been admitted into evidence at trial.
The erroneous admission of his involuntarily given statement in violation of the fifth and sixth amendments to the United States Constitution and article 1 § 12 and § 14 of the South Carolina State Constitution.
        . . . .

Ground Two:
Supporting facts . . . : Did the P.C.R. Court err in failing to find trial counsel and P.C.R. counsel ineffective for not objecting to the testimony of Deputy Jablonski Green regarding the only circumstantial evidence that was never logged in as evidence or never introduce into evidence at trial. PCR Counsel Charles T. Brooks, III ineffectively failed to present all of the available evidence. As a result of the denial of the right to effective assistance of counsel. Violating the 6th and 14th Amend.
        . . . .

Ground Three: Where a petitioner defaults a claim as a result of the right to effective assistance of counsel, the State,
Supporting facts . . . : which is responsible for the denial as a constitutional matter, must bear the cost of any resulting default and the harm to the state interests that Federal habeas review entails. Clearly there can be no dispute that PCR Counsel failure to file SCRCP Rule 59(E) has in fact cause said unperserved [sic] issues to be procedurally barred rises to the level of ineffective assistance of counsel and violation of 6th and 14th amend.

Pet. 5-9, ECF No. 1.

B.    Standard for Summary Judgment

9

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials"; or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).   In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319, 322 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

10

C.   Habeas Corpus Standard of Review

1.   Generally

Because Petitioner filed his Petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *Breard v. Pruett*, 134 F.3d 615, 618 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2); *see Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 410.

a.   Deference to State Court Decisions

Courts afford deference to state courts' resolutions of the habeas claims of state prisoners. *See Bell v. Cone*, 543 U.S. 447, 455 (2005). Recently, the Supreme Court provided further guidance regarding the deference due to state-court decisions. *Harrington v. Richter*, 562 U.S. 86 (2011); *Cullen v. Pinholster*, 131 S. Ct. 1388 (2011). To obtain habeas relief from a federal court, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."

*Harrington*, 562 U.S. at _, 131 S. Ct. at 786-87. "[E]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable." 131 S. Ct. at 786. In *Harrington*, the Court further stated: "If this standard is difficult to meet, that is because it was meant to be." *Id.*; *see Richardson v. Branker*, 668 F.3d 128, 137-44 (4th Cir. 2012) (quoting *Harrington* extensively and reversing district court's grant of writ based on his ineffective assistance of counsel claims).

In interpreting § 2254(d)(1) and discussing the federal courts' role in reviewing legal determinations made by state courts, the United States Supreme Court held as follows:

> [A] federal court may grant a writ of habeas corpus if the relevant state-court decision was either (1) "contrary to . . . [clearly] established Federal law as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States."

*Williams v. Taylor*, 529 U.S. 362, 404-05 (2000) (quoting from § 2254(d)(1)). "Clearly established Federal law in § 2254(d)(1) refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Carey v. Musladin*, 549 U.S. 70, 74 (2006) (quoting *Williams*, 529 U.S. at 412). In considering whether a state-court decision is "contrary to" clearly established federal law, the federal court may not grant relief unless the state court arrived at a conclusion opposite to that reached by the Supreme Court on a legal question, the state court decided the case differently than the Court has on facts that are materially indistinguishable, or if the state court "identifie[d] the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applie[d] that principle to the facts of the prisoner's case." *Williams*, 529 U.S. 362, 405-13. The "unreasonable application" portion of § 2254(d)(1) "requires the state court decision to be more than incorrect or

erroneous[,]" it "must be objectively unreasonable," which is a higher threshold. *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003) (internal citation omitted).

Section 2254(e)(1) requires the federal court give a presumption of correctness to state-court factual determinations and provides that a petitioner can only rebut such a presumption by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Accordingly, a habeas petitioner is entitled to relief under § 2254(d)(2), only if he can prove, by clear and convincing evidence, that the state court unreasonably determined the facts in light of the evidence presented in state court.

### b.    Ineffective Assistance of Counsel

The Sixth Amendment provides a criminal defendant the right to effective assistance of counsel in a criminal trial and first appeal of right. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court announced a two-part test for adjudicating ineffective assistance of counsel claims. First, a petitioner must show that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. *Id.* at 687. Second, the petitioner must show that this deficiency prejudiced the defense. *Id.* at 694. The United States Supreme Court's 2011 decisions cited previously elaborate on the interplay between *Strickland* and § 2254, noting the standards are "both highly deferential," and "when the two apply in tandem, review is doubly so." *Harrington*, 562 U.S. at _, 131 S. Ct at 788 (internal quotation marks omitted); *Pinholster*, 131 S. Ct. at 1403.

Further, in *Pinholster*, the Court held for the first time that the federal court's habeas review under § 2254(d)(1) is limited to the record before the state court that adjudicated the claim on the merits. *Pinholster*, 131 S. Ct. at 1398. The Court explained that "review under §

13

2254(d)(1) focuses on what a state court knew and did." *Id*. at 1399. In the *Pinholster* case, the district court had conducted an evidentiary hearing and considered new evidence in connection with its review and granting of the petitioner's writ based on a finding of ineffective assistance of counsel. *Id*. at 1397. In an en banc decision, the Ninth Circuit Court of Appeals affirmed the district court's grant of the writ. *Id*. The United States Supreme Court granted certiorari and reversed the Ninth Circuit, finding that the district court should not have considered additional evidence that had not been available to the state courts. 131 S. Ct. at 1398. Because the federal habeas scheme "leaves primary responsibility with the state courts," and "requires that prisoners ordinarily must exhaust state remedies," the Court held that to permit new evidence to be presented in a federal habeas court "would be contrary to that purpose." 131 S. Ct. at 1399 (internal citation and quotation marks omitted).

When a petitioner raises in a § 2254 habeas petition an ineffective-assistance-of-counsel claim that was denied on the merits by a state court, "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable[,]" not "whether defense counsel's performance fell below *Strickland's* standard." *Harrington*, 562 U.S. at _, 131 S. Ct. at 785. "For purposes of § 2254(d)(1), 'an unreasonable application of federal law is different from an incorrect application of federal law.'" *Id*. (citing *Williams*, 529 U.S. at 410) (emphasis in original). "A state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Id*.

### 2.    Procedural Bar

Federal law establishes this court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or

laws or treaties of the United States[,]" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. *Id.* The separate, but related, theories of exhaustion and procedural bypass operate in a similar manner to require that a habeas petitioner first submit his claims for relief to the state courts. A habeas-corpus petition filed in this court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

a.     Exhaustion

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that –

> (A) the applicant has exhausted the remedies available in the courts of the State; or

> (B)(i) there is an absence of available State corrective process; or

> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

15

28 U.S.C. § 2254. The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state-court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal; or (2) by filing a PCR application. State law requires that all grounds be stated in the direct appeal or PCR application. SCACR 203; *see* S.C. Code Ann. §§ 17-27-10 through 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767, 770 (S.C. 1976).   If the PCR court fails to address a claim as is required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e) of the South Carolina Rules of Civil Procedure. Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. *Marlar v. State*, 653 S.E.2d 266, 267 (S.C. 2007). Strict time deadlines govern direct appeals and the filing of a PCR application in South Carolina courts. A PCR application must be filed within one year of judgment, or, if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

Furthermore, in filing a petition for habeas relief in the federal court, a petitioner may present only those issues that were presented to the South Carolina Supreme Court or to the South Carolina Court of Appeals. *See State v. McKennedy*, 559 S.E.2d 850, 853 (S.C. 2002) (holding "that in all appeals from criminal convictions or post-conviction relief matters, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the

16

Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error.") (quoting *In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief*, 471 S.E.2d 454, 454 (S.C. 1990)).

### b.    Procedural Bypass

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner who seeks habeas-corpus relief as to an issue failed to raise that issue at the appropriate time in state court and has no further means of bringing that issue before the state courts. In such a situation, the person has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. Procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings if the state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

The South Carolina Supreme Court will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR application and the deadlines for filing have passed, he is barred from proceeding in state court. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. As the United States Supreme Court explains:

> [state procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed v. Ross*, 468 U.S. 1, 10-11 (1984). However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule[,]" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith v. Murray*, 477 U.S. at 533 (quoting *Wainwright v. Sykes*, 433 U.S. 23, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. *See Matthews v. Evatt*, 105 F.3d at 915 (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Teague v. Lane*, 489 U.S. 288, 297-98 (1989); *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*, 915 F.2d 932, 937 (4th Cir. 1990)). Procedural default is an affirmative defense that is waived if not raised by respondents. *Gray v. Netherland*, 518 U.S. 152, 165-66 (1996). To overcome Respondent's contention, it is Petitioner's burden to raise cause and prejudice or actual innocence. If not raised by Petitioner, the court need not consider the defaulted claim. *See Kornahrens v. Evatt*, 66 F.3d 1350, 1362-63 (4th Cir. 1995).

c.     Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this court may consider claims that have not been presented to the South Carolina Supreme Court in limited

18

circumstances in which a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. *Murray*, 477 U.S. at 495-96; *see Martinez v. Ryan*, 132 S. Ct. 1309, 1316 (2012) ("A prisoner may obtain federal review by showing cause for the default and prejudice from a violation of federal law.") (quoting *Coleman*, 501 U.S. at 750). A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor that hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Murray*, 477 U.S. at 495-96. Absent a showing of cause, the court is not required to consider actual prejudice. *Turner v. Jabe*, 58 F.3d 924, 931 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error.

### 3.     Claims of Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, a petitioner must show (1) that his trial counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that but for counsel's error, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. Petitioner bears the burden of proving an error and prejudice in his ineffective-assistance-of-counsel claim. *Id.*

### III.     Analysis

#### A.     Non-Cognizable and Waived Grounds

##### 1.     The Parties' Positions

Respondent contends that one of Petitioner's claims, Ground Three (regarding the effectiveness of PCR counsel), is "not cognizable." ECF No. 43 at 12, 20-21. Petitioner does not respond to Respondent's argument and does not assert that his claim of PCR counsel ineffectiveness is cognizable in this federal habeas case. ECF No. 51. Although Respondent does not assert that Petitioner's Ground Two (regarding alleged ineffectiveness of trial counsel) is not cognizable and presents argument on the merits of that ground, ECF No. 43 at 18-20, Petitioner does not mention that ground in his Response to the Motion for Summary Judgment.[4]

Because he presents no response to Respondent's Motion for Summary Judgment on Grounds Two and Three in his Petition, the undersigned finds that Petitioner has waived both of these grounds. *See Petrucelli v. Dep't of Justice*, No. 11–1780(RBW), 2014 WL 2919285, at *7 (D.D.C. June 27, 2014 (prisoner case; citing *Maydak v. DOJ*, 579 F. Supp. 2d 105, 107 and holding that lack of response to a point raised in a motion for summary judgment amounts to a concession of that point) (D.D.C. 2008); *see also Satcher v. Univ. of Ark. at Pine Bluff Bd. of Trs.*, 558 F.3d 731, 735 (8th Cir. 2009) ("[F]ailure to oppose a basis for summary judgment constitutes waiver of that argument."). As a result, the undersigned will address the merits of only Ground One below. However, it is true, as Respondent argues, that ineffectiveness of PCR counsel is not a cognizable ground for federal habeas relief. 28 U.S.C. § 2254(i); *see also Taylor v. Warden at Allendale,* No. 2:13-cv-2213-RMG, 2014 WL 4721183, at ** 4-5 (D.S.C. Sept. 22, 2014) (citing *Lawrence v. Branker*, 517 F.3d 700 (4th Cir. 2008)). Also, review of the PCR pleadings and hearing transcript shows that Petitioner did not carry his burden under *Strickland*

---

[4] Petitioner's Response to the Motion for Summary Judgment contains argument only on Ground One of the Petition, which raises a due-process-violation issue with respect to the trial court's denial of his motion for directed verdict in his case. ECF No. 51 at 12-15.

20

*v. Washington* of showing that trial counsel's failure to object to the trial testimony about finding the victim's bracelet in Petitioner's pocket fell below an objective standard of reasonableness under prevailing professional norms. *See Strickland*, 466 U.S. at 687.

Accordingly, the undersigned recommends that Grounds Two and Three as stated in the Petition be dismissed and that Respondent's Motion for Summary Judgment on these grounds be granted.

      B.      Merits Analysis: Ground One, Due-Process Violation in the Trial Court's Denial of Directed Verdict.

      1.      The Parties' Positions

The undersigned considers the merits of Petitioner's claim that his due-process rights were violated by the trial court's denial of his motion for directed verdict and that, therefore (though not explicitly stated in the Petition), the PCR court's decision is "contrary to . . . [clearly] established Federal law as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." *Williams v. Taylor*, 529 U.S. at 404-05 (quoting from § 2254(d)(1)); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (federal district court is charged with liberally construing a pleading filed by a pro se litigant to allow the development of a potentially meritorious case).[5]

---

[5] Neither Petitioner nor his PCR counsel articulated a due-process argument arising from the trial court's denial of the motion for directed verdict at the PCR hearing. As a result, the PCR court's judgment is couched in terms of ineffective-assistance claims. Nevertheless, the *Anders* brief filed in Petitioner's direct appeal, the *Johnson* petition submitted in his PCR appellate-review process, and Petitioner's pro se briefs in both appellate proceedings sufficiently exhausted this issue. *See, e.g., Goins v. Stevenson*, No. 4:08–cv–03916–RBH , 2010 WL 922774, * 11 n. 2 (D.S.C. March 9, 2010) (specific habeas grounds may be exhausted through *Anders* briefs and *Johnson* petitions); *Missouri v. Beckwith*, No. 9:08–2878–SB, 2009 WL 3233521, *

Respondent contends that there was sufficient evidence presented at Petitioner's trial to require that it be considered by a jury, and that there was no due-process violation in the trial court's denial of the motion for directed verdict. ECF No. 43 at 17. Petitioner responds that the State's case against him was completely circumstantial because the only evidence linking him to the scene was the deputy's testimony about finding a bracelet belonging to one of the victims on Petitioner's person at the time of arrest. ECF No. 51 at 13. He alleges that the absence of any forensic or other direct evidence placing him at the scene of the crime rendered the trial court's denial of directed verdict unreasonable and "contrary to clearly established law . . . ." *Id*. at 14-15.

> 2.     The Trial Court's Ruling on His Motion for Directed Verdict Did Not Deny Due Process to Petitioner

Allegations of insufficiency of evidence to convict made in a federal habeas corpus action are considered to be claims of denial of due process. *See Pope v. Netherland*, 113 F.3d 1364, 1368 (4th Cir. 1997) ("Any challenge to the sufficiency of the evidence to convict in a state prosecution is necessarily a due process challenge to the conviction") (citing *Jackson v. Virginia*, 443 U.S. 307, 321 (1979) and *In re Winship*, 397 U.S. 358, 364 (1970)). Such claims are cognizable in habeas actions in this court, however, our review in this area is "'sharply limited.'" *Wilson v. Greene*, 155 F.3d 396, 405 (4th Cir. 1998) (quoting *Wright v. West*, 505 U.S. 277, 296 (1992)). The *Wilson* court determined that district courts are required to give significant deference to the state court's ruling on motions for directed verdict and similar challenges to the sufficiency of evidence to convict because "[f]ederal review of the sufficiency of the evidence to

---

12 (D.S.C. Sept. 29, 2009) (same); *Ehrhardt v. Cartledge*, No. 3:08–2266–CMC–JRM, 2009 WL 2366095, * 9-10 (D.S.C. July 30, 2009) (same).

support a state conviction is not meant to consider anew the jury's guilt determination or to replace the state's system of direct appellate review."155 F.3d at 405-06. This deference requires this court to consider that "a defendant is entitled to relief only if 'no rational trier of fact could have found proof of guilt beyond a reasonable doubt.'" *Id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 324 (1979).

Some aspects of this ground were discussed by the PCR court in connection with the discussion of Petitioner's PCR contention that his trial counsel was ineffective for failing to object to the deputy's testimony about finding the bracelet. App. 275-76; *see supra* note 5. In this regard, the PCR judge emphasized that trial counsel argued the lack of forensic evidence to the jury and he noted that Petitioner did not produce any allegedly "missing" evidence or testimony at the PCR hearing. App. 277. Furthermore, the PCR court heard testimony from Petitioner's trial counsel about the nature of the State's evidence against Petitioner such as the fact that he was seen running from the area of the victims' home and was apprehended after a search of the area surrounding the victims' home. App. 266-67. Additionally, the PCR court was aware of at least one of the Darlington County deputies' trial testimony about finding one of the victim's bracelet on Petitioner's person at the time of his arrest. App. 262-63. The undersigned has reviewed the transcript of Petitioner's trial and it shows that the one of the victims testified that he saw Petitioner run from his house and go to the house next door and that he and a neighbor chased Petitioner into the woods. App. 84-87. The witness stated that the person who ran from his house was dressed "exactly the same" as the person who was later apprehended by "law enforcement." App. 87. There was also similar testimony from another of the victims, App. 105-07, and that victim specifically identified Petitioner as the person who came out of the

woods and was arrested by Sheriff's deputies. App. 108. Three different Darlington County deputies testified similarly about the circumstances surrounding Petitioner's arrest, App. 113-15, 122-24, 129, and about the items belonging to the victims that were found either in the house next door or on Petitioner's person. App. 115-16, 125-26, 133-43.

In ruling on Petitioner's motion for directed verdict, the trial judge stated: "I think if you take all the circumstances together, that he was found in the area, that he was running from them, that they saw him outside, that they chased him, and then found him with the property; I think that is pretty strong circumstantial evidence that he had been there. . . ." App. 156. Having reviewed the parties' submissions to the court and both the trial and PCR transcripts and giving this trial court's determination on the sufficiency of the evidence to convict the significant deference to which it is entitled under applicable federal law, the undersigned agrees with Respondent's position in this matter. There was more than sufficient evidence of Petitioner's guilt to go the jury, the motion for directed verdict was properly denied, and Petitioner has not shown that he was denied due process at his trial. *See* 28 U.S.C. § 2254(e)(1) (to be entitled to habeas relief, petitioner must prove by clear and convincing evidence that the state court unreasonably determined the facts in light of the evidence presented in state court).

Accordingly, Petitioner's Ground One as stated in the Petition should be dismissed and Respondent's Motion for Summary Judgment on that ground should be granted.

IV.    Conclusion

The undersigned has considered each of Petitioner's grounds for habeas-corpus relief and recommends that each be dismissed. It is recommended that Respondent's Motion for Summary Judgment, ECF No. 42, be GRANTED and that the Petition in this case be DISMISSED with

prejudice.

       IT IS SO RECOMMENDED.

November 5, 2014                           Kaymani D. West
Florence, South Carolina               United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).