

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| MARIO DEMANUEL HUNTER, § | |
| Petitioner, § | |
| § | |
| vs. § | CIVIL ACTION NO. 5:13-2979-MGL-KDW |
| § | |
| WARDEN, Lieber Correctional Institution, § | |
| Respondent. § | |

ORDER ADOPTING THE REPORT AND RECOMMENDATION,
GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT,
AND DISMISSING PETITIONER'S HABEAS PETITION WITH PREJUDICE

This case was filed as a 28 U.S.C. § 2254 action. Petitioner is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Respondent's motion for summary judgment be granted and Petitioner's habeas petition be dismissed with prejudice. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on November 5, 2014, but Petitioner failed to file any objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

Petitioner is presently incarcerated at Lieber Correctional Institution in Ridgeville, South Carolina. Lieber is a part of the South Carolina Department of Corrections. A Darlington County jury convicted Petitioner of first-degree burglary and larceny. The trial court sentenced him to twenty years of imprisonment on the burglary conviction and a thirty-day concurrent sentence on the larceny conviction.

Petitioner filed an appeal of his conviction, which the South Carolina Court of Appeals dismissed. Petitioner then filed a post-conviction relief application (PCR), but the PCR court dismissed his application. Thereafter, Petitioner filed a petition for writ of certiorari seeking review of the PCR's decision. The South Carolina Court of Appeals denied his petition, as well as his subsequent motion for a rehearing.

Petitioner then filed his § 2254 petition in this Court. He raised three grounds for relief. But, he failed to respond to Respondent's motion for summary judgment on Grounds Two and Three of his petition. Thus, the Magistrate Judge states, and the Court agrees, that he has waived any argument as to the validity of those two grounds. *See* Report 20 (quoting *Satcher v. Univ. of Ark. at Pine Bluff Bd. of Trs.*, 558 F.3d 731, 735 (8th Cir. 2009) ("[F]ailure to oppose a basis for

2

summary judgment constitutes waiver of that argument."). Thus, all that remains for the Court to consider is Ground One of Petitioner's § 2254 petition, in which Petitioner sets forth the following:

> Ground One: Whether Trial Court committed reversible error by refusing to grant a Directed Verdict.
>
> Supporting facts . . . : Where the court's reliance was based upon insufficient circumstantial evidence. The standard is as follows: The Judge is concerned with the existence or non-existence of evidence, not the weight; and although he should not refuse to grant the motion where the evidence merely raises a suspicion that the accused is guilty, it is his duty to submit the case to the jury (if there be any substantial evidence which reasonably tends to prove the guilt of the accused, or from which his guilt may be fairly and logically deduced) . . .
>
> Here, the trial judge[']s reason for denying the motion for Directed Verdict was [to] provide the court with any evidence to substantiate his claim that he found any evidence on appellant's person, and respectfully contends that the trial court committed error when it allowed in evidence that wasn't presented to the jury. This action further violates the Due Process clause of the Fourteenth Amendment of the United States Constitution.
>
> Also Appellate Counsel in Direct Appeal noted that the lower court erred in denying appellant's motion to suppress the statement given in the case because it was not given voluntarily as appellant was under the influence of cocaine when he gave his statement to the police in this case. Intoxication is certainly a factor which would greatly influence the voluntariness of one's statement. Therefore, appellant's statement, which directly implicated him with respect to the crimes charged, could not be considered voluntary in nature and should not have been admitted into evidence at trial. The erroneous admission of his involuntarily given statement in violation of the fifth and sixth amendments to the United States Constitution and article 1 § 12 and § 14 of the South Carolina State Constitution.

Petition 5-6.

The Magistrate Judge "consider[ed] the merits of Petitioner's claim that his due-process rights were violated by the trial court's denial of his motion for directed verdict and that, therefore (though

3

not explicitly stated in the Petition), the PCR court's decision is 'contrary to . . . [clearly] established Federal law as determined by the Supreme Court of the United States,' or (2) 'involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States.'" Report 21 (quoting *Williams v. Taylor*, 529 U.S. 362, 404-05 (2000). "Such claims are cognizable in habeas actions in this court, however, our review in this area is 'sharply limited.'" Report 22 (quoting *Wilson v. Greene*, 155 F.3d 396, 405 (4th Cir. 1998).

When the trial judge ruled on Petitioner's motion for a directed verdict, he opined: "I think if you take all the circumstances together, that he was found in the area, that he was running from them, that they saw him outside, that they chased him, and then found him with the property; I think that is pretty strong circumstantial evidence that he had been there." State Trial Court Transcript 156:4-9. Consequently, "[t]here was more than sufficient evidence of Petitioner's guilt to go the jury, the motion for directed verdict was properly denied, and Petitioner has not shown that he was denied due process at his trial." Report 24 (citing 28 U.S.C. § 2254(e)(1) (to be entitled to habeas relief, petitioner must prove by clear and convincing evidence that the state court unreasonably determined the facts in light of the evidence presented in state court)). As such, Respondent's motion for summary judgment on Ground One of Petitioner's petition will also be granted.

On November 24, 2014, the Clerk of Court entered a document submitted by Petitioner in which he seeks to withdraw this action on the basis that "the petitioner discovered that there was an egregious act of fraud on the court that occurred within the PCR court and the SC Appeals Court that is of such magnitude that it would serv[e] to render the orders in both [of] those cases void." Petitioner's Motion to Withdraw 3. Given the Court's decision to grant Respondent's motion for summary judgment, however, this motion will be rendered moot.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report and incorporates it herein.  Therefore, it is the judgment of the Court that Respondent's motion for summary judgment is **GRANTED** and Petitioner's habeas petition is **DISMISSED WITH PREJUDICE**.  Accordingly, any other pending motions are rendered **MOOT**.

An order denying relief in a § 2254 proceeding such as this is not appealable unless a circuit or district judge issues a certificate of appealability.  28 U.S.C. § 2253(c)(1).  A certificate of appealability will issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001).  The Court has reviewed the petition, the record and the applicable case law and concludes that Petitioner has failed to make the requisite showing.  Therefore, to the extent that Petitioner requests a certificate of appealability from this Court, that request is **DENIED**.

**IT IS SO ORDERED**.

Signed this 3rd day of December, 2014, in Columbia, South Carolina.

s/ Mary G. Lewis
MARY G. LEWIS
UNITED STATES DISTRICT JUDGE

\*\*\*\*\*

**NOTICE OF RIGHT TO APPEAL**

Petitioner is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.